UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SHARON FEENEY, | § |
| *Plaintiff*, | § |
| v. | §  No. 6:25-CV-00426-LS |
| LASALLE CORRECTIONS IV LLC and JENNIFER EVANS, | § |
| *Defendants*. | § |

## ORDER GRANTING EXTENSION OF TIME FOR SERVICE AND DENYING REQUEST FOR ALTERNATIVE SERVICE

Plaintiff Sharon Feeney, proceeding *pro se*, filed this case on September 12, 2025.[1] Her deadline to serve Defendant Douglas A. Collins, Secretary of Veterans Affairs, was therefore December 11, 2025, and the Court issued a notice to Plaintiff informing her of this.[2] Plaintiff only requested that summons be issued on December 3, 2025, and only as to one defendant, LaSalle Corrections IV LLC.[3] On December 10, 2025, Plaintiff filed a motion requesting an extension of time to complete service and for alternative service.[4]

With respect to Plaintiff's request for alternative service, such a motion requires a statement "sworn to before a notary or made under penalty of perjury."[5] Plaintiff has not attached an affidavit or sworn declaration to her motion. The Court therefore denies Plaintiff's request for

---

[1] ECF No. 1.
[2] *See* Fed. R. Civ. P. 4(m); ECF No. 6.
[3] ECF No. 8.
[4] ECF No. 9.
[5] Tex. R. Civ. P. 106(b).

alternative service. Plaintiff may refile the motion with an attached affidavit or other sworn statement.

The Court next turns to Plaintiff's motion for an extension of time for service. Plaintiff only appears to be requesting an extension of time to serve LaSalle.[6] However, consistent with the Court's obligation to construe *pro se* filings liberally,[7] the Court will consider it a motion for an extension of time to serve both Defendants.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[8] However, the court must extend the time for service if the plaintiff can show good cause for her failure.[9] Good cause for failure to timely serve a defendant "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[10] Also, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance" is required.[11]

Plaintiff states that she made two attempts at serving LaSalle, on December 8 and December 9.[12] Both of these attempts were unsuccessful.[13] However, Plaintiff does not explain why she waited until nearly the end of the ninety-day deadline to attempt to serve LaSalle. And

---

[6] *Id.* at 1.
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).
[8] Fed. R. Civ. P. 4(m).
[9] *Id.*
[10] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).
[11] *Id.* (quoting *Lambert*, 44 F.3d at 299).
[12] ECF No. 9 at 1.
[13] *Id.*

she has not made any attempt to serve Jennifer Evans. Therefore, the Court does not consider that Plaintiff has shown good cause for an extension of time for service.

However, the Court also notes that Plaintiff's EEOC determination was issued on June 16, 2025.[14] Plaintiff had ninety days to file suit against LaSalle in federal district court after that date.[15] If the Court dismisses Plaintiff's action, her case will be barred. As a result, the Court does not consider it appropriate to deny Plaintiff's motion and dismiss the case at this time.[16] Instead, the Court will grant Plaintiff an extension of thirty days to serve LaSalle. Plaintiff is reminded that she is responsible for having the summons and complaint served within the time allowed.[17]

For the foregoing reasons, the Court grants Plaintiff's motion [ECF No. 9] in part and denies it in part. Plaintiff has until **January 14, 2026**, to serve LaSalle Corrections. Plaintiff has until **December 29, 2025**, to provide good cause as to why her claim against Jennifer Evans should not be dismissed for failure to timely serve her. Plaintiff's request for alternative service is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on December 15, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[14] ECF No. 1-1 at 1.
[15] *Id.*
[16] *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (holding that a district court's dismissal under Rule 4(m) requires "a clear record of delay or contumacious conduct by the plaintiff" when the statute of limitations would bar future litigation (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008))); *Shah v. Novelis*, No. 23-40231, 2024 WL 1739753, at *6 (5th Cir. Apr. 23, 2024) (applying the heightened standard of a dismissal with prejudice to a case where the plaintiff's case was dismissed for failure to timely serve and the plaintiff was outside of the ninety-day period to sue provided by the EEOC's right to sue letter); *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (stating that a court has discretion to extend the time for service even without good cause if the applicable statute of limitations would bar the plaintiff from refiling).
[17] Fed. R. Civ. P. 4(c)(1).